Nott, J.,
delivered the opinion of the court:
This is in effect a motion on the part of the defendants to set aside the judgment heretofore rendered in favor of the claimant and to enter judgment in favor of the defendants.
The grounds upon which the motion is placed are that the Revised Statutes (sec. 1764, 1765) and the Act 20th June, 1874 (18 Stat. L., p. 109, sec. 4), prohibit additional pay for extra services; that this court held in Harrison’s Case (26 C. Cls. R., 259) that an employé in the Government Printing Office who does not receive a leave of absence is not entitled to recover double pay when the leave is refused; that the Supreme Court held in Martin’s Case (94 U. S. R., 400) that a laborer who was compelled to work more than eight hours a day, contrary to the eight-hour law, could not recover for the additional time; and that this court held in Post’s Case (27 C. Cls. R., 244) that the word day in a statute referring to compensation can not be made to mean anything except a calendar day.
Between this case and those relied upon by the Attorney-General it is believed by the court well-grounded distinctions exist, which may thus be stated:
The distinction between this case and Post’s is that here *477 tbe regulations of tbe Treasury Department, made under tbe statute and having tbe force of law, define tbe statutory day as something different from tbe calendar day, and provide expressly that two statutory days’ service may be rendered in one calendar day. They go further and provide that a night inspector may receive pay for a calendar day during which he renders no service whatever. It is these provisions of the regulations which form the ground work of the court’s opinion and distinguish this case from all other cases; that is to say, from all.cases seeking additional or extra pay. Whether these regulations are authorized by law may well be doubted. But having been in force for a number of years, and in operation in every port of the United States except at the port of Baltimore, and having received the tacit, if not express, approval of Congress, this court does not feel at liberty to disregard them and hold that they are not authorized by law.
The distinction between this case and Harrison’s is that there the claimant was not entitled as a matter of legal right to a vacation with pay, but only to a leave of absence for a restricted period when, in the discretion of the Public Printer, such leave could be granted without detriment to the public business; and the Public Printer had not the shadow of legal authority for making a gift of money where the state of the public business did not admit of his giving a workman a leave of absence. Here the regulations expressly provided that the night inspectors should receive, in certain contingencies, leave of absence with pay, and left no discretion in their superior officers to order otherwise. In the one case the legal right which must be the foundation of a suit at law did not exist; in the other it does.
The distinction between this case and Martin’s is that there the claimant was seeking to recover additional compensation for extra time where such additional compensation was prohibited by law. Here the suit is not to recover for extra time, but for a day’s service rendered which has never been paid for. The claimant has done two days’ work and been paid for only one. The unpaid-for service was not additional or extra, but en tire and complete, a thing by itself. The compensation which the court awarded was not compensation prohibited by law, but, in the opinion of the court, the exact compensation prescribed by law. Whether the regulations have the force of law, *478 whether they make the law of the case and fix the claimant’s legal right, as was before said, may well be questioned; but. this court, for the reasons before given, does not feel at liberty to disregard them.
In Martin’s Case the Supreme Court, in the construction of the eight-hour law, followed tbe general principle of the law of master and servant, that the servant can not recover additional compensation for overhours. This court, in the interpretation of the law in the present case, has followed the other principle, that the master can not require the servant to render a service which is beyond the sphere of his proper employment, or to render both day and night service where he was hired to render only one of them. Where a night-watch of these inspectors ran beyond the prescribed limit, where an inspector instead of being relieved at midnight was compelled to serve until one or two or three o’clock in the morning, it is a case of overhours, or extra time, for which he can not recover. But where he rendered two distinct, entire statutory days’ services, though in one calandar day of twenty-four hours, it was service beyond his proper employment, and he is as much entitled to compensation for the one statutory day as for the other. When each of two things as legally defined is complete and distinct, it can not properly be said that the one is an additional part of the other. If a farmer had agreed to deliver at a military post one cord of wood a day for one year, and had been required on some days to deliver two cords instead of one, and in the course of the year had delivered 500 cords instead of 365, he would have been paid without a doubt for the number of cords delivered and not for the number of days in the year. Here the regulations, which may be considered as taking the place of a contract, required the night inspectors to do duty for one night-watch a day on every day in the year. On many days they were required to perform the duty through two night-watches, and in the course of a year to perform to the extent of, say, 500 night-watches instead of 365. If the regulations have the force of law it seems to the court that the case of the inspectors is as clear as the case of the farmer.
The order of the court is that the motion of the defendants be overruled.